UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY SOARES,<br><br>        Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | 1:11-cv-01941-SKO-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 10)<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1)<br><br>ORDER DISMISSING AS MOOT PETITIONER'S REQUEST TO PRESERVE ISSUES (DOC. 13)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 7, 2011 (doc. 7). Pending before the Court is the Court's order, issued on

January 3, 2012, to Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies.

## I.   Discharge of the Order to Show Cause

Petitioner timely responded to the order to show cause on March 14, 2012. Accordingly, the order to show cause will be discharged.

## II.  Dismissal of the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the

respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

### III. Background

In the petition, Petitioner complains of his counsel's failure to call witnesses to testify concerning an arrest, which appears to have formed the basis of either a criminal conviction, a violation of probation, or both in May 2011 in the Superior Court of the State of California for the County of Merced. Petitioner alleges that he was sentenced to a prison term of five years and eight months on August 16, 2011, for petty theft and possession of methamphetamine. (Pet. 1, 2, 4, 7.)  It is unclear whether Petitioner complains of a criminal conviction, a violation of probation, or both.

Petitioner alleges that he appealed the judgment of conviction. (Pet. 1.)  He further alleges that he filed a petition for writ of habeas corpus in the Merced Superior Court, which was denied in August 2011. (Id. at 2.)  Petitioner also responds to a query in the form petition that in addition to the direct appeal of the judgment of conviction or sentence, he did not file any further petitions or applications. (Id.)  Other than the habeas petition filed in the Merced Superior Court, Petitioner does not specifically describe the proceedings in the state courts in which he exhausted his claims.

Because upon review of the petition it appeared that Petitioner had not presented his claims to the California Supreme Court, the Court issued the order to show cause.

In the response to the order to show cause that Petitioner filed on March 14, 2012, Petitioner stated the following, which was not sworn to be true under penalty of perjury:

> MOTION WITH LEAVE TO AMEND PENDING ADJUDICATION OF STATE APPEALS PENDING FAILURE OF DEFENSE TO PRESENT ALABI (sic) WITNESS GROUNDS FOR REVERSAL OF CONViCTION.  MOTION TO PRESERVE ISSUES FOR FEDERAL APPELLATE PROCESSES PENDING. EXCESSIVE FORCE BY USE OF TASER GROUNDS FOR CIVIL DAMAGES.

(Doc. 13, 1.)

Review of Petitioner's response shows that Petitioner did not provide any information concerning exhaustion of state court remedies by presentation of his claims to the California Supreme Court.  Petitioner appears to be asking this Court to preserve his issues, but he does not provide any information to support a conclusion that he has exhausted state court remedies as to any of the claims he raises in the present petition.

Further, a search of the official website of the California Courts for any filing by Petitioner, whether under his name or the trial court case number, in the California Supreme Court reveals no data.[1]

IV.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).
The address of the website is http://www.courts.ca.gov.

4

The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the

> state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights" (some
> internal quotation marks omitted). If state courts are
> to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be
> alerted to the fact that the prisoners are asserting
> claims under the United States Constitution. If a
> habeas petitioner wishes to claim that an evidentiary
> ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment,
> he must say so, not only in federal court, but in state
> court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims
> in state court unless he specifically indicated to
> that court that those claims were based on federal law.
> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
> 2000). Since the Supreme Court's decision in Duncan,
> this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing
> federal law or the decisions of federal courts, even
> if the federal basis is "self-evident," Gatlin v. Madding,
> 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
> Harless, 459 U.S. 4, 7... (1982)), or the underlying
> claim would be decided under state law on the same
> considerations that would control resolution of the claim
> on federal grounds, see, e.g., Hiivala v. Wood, 195
> F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
> at 865.
> ...
> In Johnson, we explained that the petitioner must alert
> the state court to the fact that the relevant claim is a
> federal one without regard to how similar the state and
> federal standards for reviewing the claim may be or how
> obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

///

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Here, Petitioner did not establish exhaustion of state court remedies in the petition. Although Petitioner was given an opportunity to establish exhaustion in his response to the order to show cause, Petitioner did not avail himself of the opportunity to establish exhaustion. A search of the official website of the California Supreme Court reflects no information that would tend to show that Petitioner has presented any of his claims to the California Supreme Court.

Therefore, the Court concludes that Petitioner has failed to meet his burden to establish exhaustion of state court remedies. The petition must be dismissed. Because the petition is being

dismissed for the failure to exhaust state court remedies, the dismissal will be without prejudice. See, Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). To the extent Petitioner is seeking to preserve his issues for decision, Petitioner's request for relief is moot in light of the dismissal of the petition. His request will thus be dismissed as moot.

V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their

merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

VI.  Disposition

Accordingly, it is ORDERED that:

1) The order to show cause that issued on January 3, 2012, is DISCHARGED; and

2) The petition for writ of habeas corpus is DISMISSED without prejudice for Petitioner's failure to exhaust state court remedies; and

3) To the extent that Petitioner requests this Court to stay the proceedings in this action or otherwise to have this Court preserve his issues for decision, Petitioner's request is DISMISSED as moot; and

4) The Court DECLINES to issue a certificate of appealability; and

1    5)    The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:**    **June 6, 2012**                                   **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE